**STATE of Missouri, Respondent,**

v.

**John Henry WRIGHT, Appellant.**

**No. WD 57999.**

Missouri Court of Appeals, Western District.

Nov. 14, 2000.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for Respondent.

Before HOLLIGER, P.J., LOWENSTEIN and NEWTON.

HAROLD L. LOWENSTEIN, Judge.

## FACTUAL AND PROCEDURAL HISTORY

Appellant John Wright was convicted of two counts of first-degree child molestation under § 566.067 RSMo.1994 and sentenced to consecutive two-year terms. The facts from his trial are set out in full in *State v. Wright*, 998 S.W.2d 78 (Mo.App. 1999). In that 1999 appeal, this court affirmed the conviction but found that Wright's right to a jury trial was violated because of the trial judge's comments at his sentencing hearing. Specifically, the appellate court considered the following remarks by the sentencing judge:

In this case, I am going to sentence you in accordance with the jury's assessment and verdict. I am not going to order the sentences to run concurrent. There are two separate victims in this case. You have not accepted responsibility for your crime. *And, in this case, your victimization of these two young*

*girls was magnified or aggravated by the fact that they were required to come in and testify.*

*And it was obvious to the Court that it was a traumatic event for them to come in here to testify in front of you, as well as the 12 jurors and the Court, as to your activities last July.*

And *so with those factors and consideration,* Mr. Wright, I am going to sentence you under Count I to a term of two years in the Department of Corrections; and under Count II for another two-year term of imprisonment. Count II is to run consecutive to Count I.

(Emphasis added in 1999 case.) *Id.* at 82–83.

This court concluded that there was evidence that the trial judge sentenced Wright to consecutive terms instead of concurrent terms because the judge "specifically stated on the record that his decision to order consecutive sentences was influenced by the Defendant's decision to go to trial and so to 'require' the victims to testify." *Id.* at 84. As such, the court remanded the case solely for resentencing.

## ANALYSIS

Wright's sole point in this appeal is premised again on the trial court's statements at his second sentencing hearing. Specifically, Wright argues that in the second sentencing hearing, the trial court again erred by factoring into his sentence Wright's decision to exercise his right to trial. The comments by the judge from the second sentencing hearing are set forth below:

THE COURT: Okay. Mr. Wright, I just—the only brief comment I would make is, it's unfortunate that the Court of Appeals interpreted my comments at sentencing to determine that I was punishing you for going to trial on these cases. I think if you read my context in total, I was basically referring to the total of the two victims and also talking about the impact on the victims by being

the victim of your crime or crimes, as well as the fact that the impact on them by having to come in and testify of being molested in open court. But my comments were not intended to reflect the belief that I was punishing you or the defendant for exercising his right to trial. Rather, as I stated, my comments were intended to point out the impact of the crime on the victims, which included the fact that they had to testify in open court regarding being molested by the defendant.

As I also stated at the original sentencing, the defendant in this case has committed two separate crimes against two separate identifiable victims. These are crimes against persons. These are crimes that have vast impacts usually on victims because of being molested as children, and, under those circumstances, I do not believe it would be appropriate to order the sentences to run concurrent under circumstances where we have two separate identifiable victims for serious charges such as what you were found guilty of. Therefore, the Court, because there are two identifiable victims and a crime that has often serious and negative impacts that carry on much longer as time goes on, the Court is going to sentence you in accordance with the jury's verdict to two years in the Missouri Department of Corrections on Count I, and to a sentence of two years in the Department of Corrections on Count II; Count II to run consecutive to Count I. A judgment for the crime victims' compensation fund has already been entered against you and the court costs have already been assessed against you.

Mr. Wright, do you have any questions about the Court's judgment and sentence entered this morning?

MR. WRIGHT: Yes, sir, I do. You say that they were forced to come in here and testify, but they had entered a number of motions, 491.075—

THE COURT: 491.075.

MR. WRIGHT:—to admit out of court statements as evidence in lieu of their testimony, Your Honor, and I was not forcing them to come in here and testify. The prosecution—

THE COURT: No, I understand. I'm not talking about you forcing them to testify. My reference is to the fact that they did have to testify. My comments were the fact that that was an impact on the victims, the fact that they did come in and testify in this proceeding. But I'm not punishing you for your right to exercise or your right to exercise the right to go to jury trial. That's fine with the Court, but it's clear that there is an impact on the victims when they come in and testify in a proceeding. I was making a general comment about the fact of the impact of your crimes on the victims, but the fact is that you were assessed a punishment of two years on two separate crimes by the jury.

The Court is sentencing you based on the jury's recommendation of two years. I'm not going to run two separate crimes against two separate identifiable victims concurrent with each other, that's just not going to happen. I think that would be inappropriate and unjust, Mr. Wright. And so my sentence is based on the fact that there are two identifiable victims and two separate crimes, and the jury has recommended punishment for each of those two separate crimes. I'm not going to order them concurrent. I don't think that would be appropriate. Anything else, Mr. Wright?

MR. WRIGHT: Yes, sir. The fact that it was (sic) a continuing course of conduct, that it happened all at one time, that I was not in the right frame of mind at that time, which is verifiable by Fulton State Hospital, I think it all should have had some impact on the Court's decision.

THE COURT: Well, you may believe that. I suppose there's maybe some

factors that the jury took into account when they assessed punishment.

MR. WRIGHT: The jury was never informed of culpable mental state, nor were they ever (sic) any intent of the conduct proven, but the intent was used in the summation to the jury that there was never any intent proven, nor any culpable mental state sent to the jury, even though it was brought to the Court.

THE COURT: I understand. All right. Mr. Wright, my position is, and I'm just trying to explain it to you, there are two identifiable victims. You understand that part?

MR. WRIGHT: Yes.

THE COURT: I don't think—your argument to me that it was the same course of conduct, well, that could mean if you have three or four victims that I should just run them all concurrent; that if you commit one crime against a person, that you could get a bunch of other crimes against the person because they all happen at the same time. I don't follow that logic, especially under crimes such a serious nature as this. This is a crime against a person. This is a crime, as I stated earlier, often times has a vast impact on the victim much later in life to them because of the fact of being victimized for the crime of child molestation. So based on those factors, I do not believe that concurrent sentences would be appropriate, even understanding your argument to me this morning. Okay?

MR. WRIGHT: Yes, sir.

Wright's argument hinges primarily on his 1999 appeal, where this court held that "to state that the court can properly enhance the Defendant's sentence in part based on Defendant's decision to have a trial by jury, such a reading would violate principles underlying [*State v. Brewster*, 836 S.W.2d 9 (Mo.App.1992) and *State v. Martin*, 852 S.W.2d 844 (Mo.App.1992) ] that the exercise by a defendant of his constitutional right to a jury trial can have

no bearing on his sentence." *Wright*, 998 S.W.2d at 84.

Although some language of the trial court in the second sentencing hearing appears to be·an attempt to explain statements at the first hearing, the judge's statements in the more recent hearing do indeed reflect that his process in arriving at a sentence was within the parameters of criminal law. And although the displeasure the trial court expressed about Wright's crimes still stands, the statements of the judge on record here do indicate that the defendant's exercise of his right to trial did not result in any increase in severity of punishment. The judge's decision to run the sentences consecutively to each other since there were two separate victims does not call for a reversal. The judgment and sentence of the trial court are affirmed.

All concur.